UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHNEIDER NATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCHNEIDER MOVERS, INC., ORBIT BUSINESS LOANS, RICHARD BISHARA, AND JEFF SCHNEIDER, <br><br> Defendants. | Civil Action No. 10-140 (WJM) <br><br> **ORDER** |

    **THIS MATTER** comes before the Court by way of motion by Plaintiff, Schneider National, Inc., for leave to serve Defendants Schneider Movers, Inc. and Jeff Schneider by overnight courier and email [CM/ECF No. 11].  Based upon the following, Plaintiff's motion is **denied without prejudice**.

    1.    Plaintiff, Schneider National Inc. ("Plaintiff"), commenced this action on January 11, 2010, asserting claims for, among other things, trademark infringement and unfair competition against Defendants Schneider Movers Inc., Orbit Business Loans, Richard Bishara, and Jeff Schneider.  Plaintiff is a truckload carrier, engaged in "trucking, logistics, and related transportation services." (Compl. ¶ 10.)  Defendants are allegedly engaged in Internet marketing and advertising of international moving, residential local and long distance moving, and storage services. (Compl. ¶¶ 14-15.)  Plaintiff alleges that Defendants' Internet marketing purposefully infringes a number of Plaintiff's registered trademarks, and that Defendants have falsely identified themselves as affiliated with Plaintiff through

        the unauthorized use of Plaintiff's marketing materials.  (Id.)  Plaintiff further alleges that it has received a number of complaints (and threats of lawsuits) from people who apparently contracted with Defendants under the assumption they were affiliated with Plaintiff, and that Defendants "acted fraudulently by withholding those customers' belongings, household goods, and by requesting additional payments." (Compl. ¶ 16.)

2.      Of the four defendants named in the complaint, Plaintiff has successfully served only Defendants Orbit Business Loans and Richard Bishara.  Neither of those Defendants has responded to the Complaint, and the Clerk of the Court has entered default against them.  See CM/ECF Entry Dated March 3, 2010.  Plaintiff has been unable to serve Schneider Movers or Mr. Schneider.

3.      In February 2010, Plaintiff's counsel received a letter from Defendant Jeff Schneider.  (Declaration of Gregg A. Paradise ("Paradise Decl.") ¶ 6.)   Plaintiff states that "apparently [Mr. Schneider] learned of the case after service of the summons and complaint on co-defendants Richard Bishara and Orbit Business Loans."  (Id.)  The letter is not attached to the motion and its substance is not detailed in the motion papers, but Plaintiff represents that it was sent on letterhead that provided both a business address and an email address.  The business address is: 1360 Clifton Avenue, Clifton, New Jersey 07012.  That address apparently matches an address provided by Schneider Movers in an application for insurance submitted to the Federal Motor Carrier Safety Administration.  (Paradise Decl. ¶ 4.)  The email address is apparently the email address used by Mr. Schneider in setting up Defendants' allegedly infringing website.  (Paradise Decl. ¶¶ 3, 7-8.)

4.      Plaintiff states that it has tried to serve Schneider Movers and Mr. Schneider at the Clifton, New Jersey address provided in February 2010 letter.  However, according to Plaintiff, that address is not a residential address or Schneider Movers' place of business. Rather, the address is, apparently, a United Parcel

Service store, at which Mr. Schneider maintains a mailbox.

5. Plaintiff contends that the summons and complaint cannot be served on Schneider Movers and Jeff Schneider "because the address identified both on the defendants' letterhead and in their Federal Motor Carrier Safety Administration insurance registration information is not an actual place of business . . . ." (Paradise Decl. ¶ 2.) As a result, Plaintiff requests permission to serve the summons and complaint on Schneider Movers and Mr. Schneider by courier delivery to the UPS store and by sending a copy to Mr. Schneider's email address.

6. Federal Rule of Civil Procedure 4(e)(1) directs that service of a summons and complaint be made pursuant to the law of the state in which the district court is located. Id. Under the Rules Governing the Courts of the State of New Jersey, personal service is the primary method to serve an individual or corporate entity within the state. See N.J. Ct. R. 4:4-4(a)(1), (5)-(6). However, if personal service cannot be effected, Rule 4:4-4(b) permits service by certified mail, return receipt requested, or as permitted by court order. See N.J. Ct. R. 4:4-4(b)(1), (3).

7. If personal service cannot be effected, service by court order is permitted so long as it is "consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). In order to comply with due process requirements there must be "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1950). The particular circumstances of each case must be considered in determining whether "a particular method of notice is reasonably calculated to reach interested parties." In re Trump Taj Mahal Assoc., No. 93-3571, 1993 U.S. Dist. LEXIS 17827, at **9-10 (D.N.J. Dec. 13, 1993) (citing Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 484 (1988)). In general, service by court order is "reserved for circumstances in which the usual modes of service are either impossible or unduly oppressive upon the plaintiff or where the defendant

3

successfully evades service of process." Ivo Kopic v. Magriplis Corp., No. A-0212-05T1, 2006 WL 3903975, at *2 n.2 (N.J. App. Div. Dec. 29, 2006) (citing Sylvia B. Pressler, Current N.J. Court Rules, comment to Rule 4:4-[4] (2007)).

8. The Court concludes that substituted service is not yet called for. Plaintiff has apparently only attempted service on Schneider Movers and Mr. Schneider at one address. Plaintiff's motion does not reveal any independent effort to locate Schneider Movers or Mr. Schneider. Rather, Plaintiff has relied entirely upon the addresses provided in the letter they received in February 2010, and Defendants' insurance registration. No information is put before the Court suggesting that Plaintiff has been actively searching for the unserved Defendants. In New Jersey, personal service is the initial and preferred method of attempting service; resort to email and other methods of service is not appropriate until it is clear that personal service is impracticable. Moreover, service at the Clifton, New Jersey address is known to be ineffective. Mere reliance on that address, without any further inquiry, does not satisfy due process.

9. It is common for counsel to undertake broader investigative efforts to locate parties, such as conducting Internet "people finder" searches; utilizing an investigator; or searching voter registration records. Electronic providers such as Lexis and Westlaw offer additional methods for attempting to locate parties. While substituted service may ultimately be appropriate, the rules require that Plaintiff conduct a diligent inquiry into the Defendants' whereabouts and determine whether they can be personally served in New Jersey prior to seeking alternative, and less certain, means of service.

10. Nothing in this Order should be construed as a finding that service at the Clifton, New Jersey, address and by email will not ultimately be appropriate. It may very well be. However, before resorting to substituted service, Plaintiff is obligated to demonstrate a more diligent search into the Defendants' whereabouts. No particular search method is required, but a diligent effort must be shown to justify

substituted service.  Plaintiff may renew its motion upon completion of those efforts.

**IT IS on this 12th day of April 2010, therefore,**

**ORDERED** that Plaintiff's motion for leave to serve Defendants Schneider Movers Inc. and Jeffrey Schneider by overnight courier and email [CM/ECF No. 11] is **denied without prejudice**.

    s/Mark Falk
    **MARK FALK**
    **United States Magistrate Judge**